IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY *CG* D.C.

05 NOV 29 PM 5:08

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W.D. OF TENN.

```
JAMES SAMUEL HILL, JR.,             X
                                    X
            Plaintiff,              X
                                    X
vs.                                 X         No. 05-2672-Ma/P
                                    X
TONY JONES,                         X
                                    X
            Defendant.              X
                                    X
```

---

ORDER CORRECTING THE DOCKET
ORDER TO COMPLY WITH PLRA
ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff James Samuel Hill, Jr., Bureau of Prisons ("BOP") inmate registration number 18140-076, who was, at the time he commenced this action, an inmate at the West Tennessee Detention Facility ("WTDF")[1] in Mason Tennessee, filed a *pro* *se* complaint pursuant to 42 U.S.C. § 1983 on September 14, 2005.[2] The Clerk

---

[1]     The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]     The plaintiff was confined at the WTDF during his resentencing in his federal criminal case, United States v. Hill, No. 02-20028-B (W.D. Tenn.). The sentencing occurred on September 28, 2005, and the BOP website reflects that plaintiff is currently incarcerated at the United States Penitentiary I in Coleman, Florida ("USP Coleman I"). In order to facilitate the collection of the civil filing fee, the Clerk is ORDERED to correct the docket to reflect the plaintiff's current address.



This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___12-1-05___

*3*

shall record the defendant as Tony Jones, who was employed as a security guard at Trustmark Bank in Lakeland, Tennessee.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[3] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the trust fund officer. Although the plaintiff has not submitted a trust fund account statement, the information supplied by the plaintiff is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the

---

[3]     Effective March 7, 2005, the civil filing fee was increased to $250 from $150.

account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

3

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the plaintiff's prison to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.   Analysis of Plaintiff's Claims

The factual allegations of the complaint consist, in their entirety, of the following:

> I went in the Trust Mark [sic] Bank off of Canada Rd. in Lakeland, and I Robbed it. I told the Lady to give me the money. She did. (I didn't have a gun, and didn't say I did.) But when I was on my way out I was shot by Tony Jones. I didn't [sic] not Have a gun and I was Leaving

4

Just a few feet from the door I was shot. I didn't threaten anyone or Hurt anyone! (The Gaurd [sic] Fired His Gun Six times, and shot me 2 times, once in the leg and in my chest.)

Plaintiff seeks an award of one million dollars ($1,000,000).[4]

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2).[5] Plaintiff's complaint is subject to dismissal in its entirety.

The plaintiff's complaint was filed on the form used for commencing actions under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. "A § 1983 plaintiff

---

[4]       To put this lawsuit in some context, on February 5, 2002, a federal grand jury in this district returned a one-count indictment charging plaintiff with robbing the Trustmark Bank on January 30, 2002, in violation of 18 U.S.C. § 2113(a). Pursuant to a written plea agreement, plaintiff entered a guilty plea on August 23, 2002. Then-District Court Judge Julia Smith Gibbons conducted a sentencing hearing on January 3, 2003, at which time plaintiff was sentenced to one hundred thirty-two (132) months imprisonment, to be followed by a three-year period of supervised release. Judgment was entered on January 17, 2003. The United States Court of Appeals reversed plaintiff's sentence on the ground that he was improperly given a sentencing enhancement for discharge of a firearm by the security guard at the bank. United States v. Hill, 381 F.3d 560 (6th Cir. 2004). On remand, District Judge J. Daniel Breen conducted a resentencing hearing on September 28, 2005, at which time plaintiff was sentenced to sixty-three (63) months imprisonment, to be followed by a three-year period of supervised release. An amended judgment was entered on September 30, 2003.

[5]       In this case, 42 U.S.C. § 1997e(a) is inapplicable because the lawsuit does not involve prison conditions.

may not sue purely private parties." <u>Brotherton v. Cleveland</u>, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." <u>Collyer v. Darling</u>, 98 F.3d 211, 231-32 (6th Cir. 1997). Nothing in the complaint provides any basis for attributing state action to the defendant. Accordingly, the complaint fails to state a claim pursuant to 42 U.S.C. § 1983.

Moreover, a one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); <u>see</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-268 (1985); <u>Bernt v. Tennessee</u>, 796 F.2d 879 (6th Cir. 1986). In this case, the shooting occurred on January 30, 2002, and the one-year limitations period expired on January 30, 2003. This complaint was filed more than two and one-half years after the expiration of the limitations period.

Accordingly, the Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in

6

good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[6] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

---

[6]    Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this __29ᵗʰ__ day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

8

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02672 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

James Samuel Hill
WEST TENNESSEE DETENTION FACILITY
18141-076
P.O. Box 509
Mason, TN 38049

Honorable Samuel Mays
US DISTRICT COURT